(34 Misc. Rep. 181.)

CUMINSKY v. KLEINER.

(Supreme Court, Appellate Term. February 25, 1901.)

CHECKS—PRESENTATION—NECESSITY—NOTICE OF DISHONOR.
    The indorsee of a check cannot recover thereon against an indorser, it
    not appearing that the check was bad, or that it was ever presented to the
    drawee, and notice of dishonor given to the drawer or indorser.

Appeal from municipal court, borough of Manhattan, Fourth dis-
trict.

Action by Beckie Cuminsky against Joseph Kleiner. From a judg-
ment in favor of plaintiff, defendant appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCH-
ARD, JJ.

N. S. Levy, for appellant.
J. P. Solomon, for respondent.

ANDREWS, P. J. This is an appeal by the defendant from a
judgment rendered by the municipal court in favor of the plaintiff for
the sum of $90.22, besides costs. The action was brought to recover
on a check cashed by the plaintiff at the request of the defendant.
The answer was a general denial.

The testimony shows that the defendant, having a check made by
Rice & Wallenstein to their own order on the Bowery Bank, indorsed
the check, and obtained the cash for it from the plaintiff. Subse-
quently the plaintiff deposited the check in her own bank, but the
check was returned by the bank to the plaintiff, for what reason does
not appear. Afterwards the plaintiff presented the check to the
makers, Rice & Wallenstein, for payment, but such payment was re-
fused. "In order to charge the drawer and indorsers of the check in
case of dishonor, the holder must make presentment of the check
within the time allowed by law for that purpose. Under ordinary
circumstances, the drawer and indorser of a check are not liable to
an action or suit upon it without presentment to the bank and notice

of dishonor." 5 Am. & Eng. Enc. Law (2d Ed.) p. 1040. There is no evidence whatever in the case that the check was bad, or that the payment thereof was refused by the bank, or that it was ever presented to the Bowery Bank, or that any notice of a refusal by that bank to pay the check was ever given to the drawer or indorser.

The judgment must therefore be reversed, with costs to the appellant to abide the event. All concur.